# WHEELING.

## VAUGHT *et al. v.* CAIN *et al.*

### *(Absent, GREEN, JUDGE.)

Submitted June 7, 1888.—Decided June 27, 1888.

1. SPECIFIC PERFORMANCE—CHANCERY PLEADING—TENDER OF DEED
   WITH BILL.

   Ordinarily, it is not essential that the plaintiff, in a suit for the specific execution of a contract for the sale of land, should tender with his bill a deed to the defendant for the land, even when the execution of the deed and the payment of the purchase-money are dependent covenants.

2. SPECIFIC PERFORMANCE—CHANCERY PLEADING—DEMURRER.

   A bill filed by a married woman and her husband for the specific performance of a contract for the sale of land belonging to the female plaintiff, is not demurrable simply because it appears upon the face of the deed tendered with the bill that the acknowledgment is dated after the suit had been commenced.

*Van Winkle & Ambler* for appellants.

*Beard & Lockhart* for appellees.

SNYDER, JUDGE :

Suit brought in the Circuit Court of Ritchie county by Hannah J. Vaught and Stephen Vaught, her husband, against James A. Cain and S. Woodard, for the specific execution of a contract for the sale of land. The bill was filed at September rules, 1885. The only defense made by the defend-

---

*On account of illness.

ants was a demurrer to the bill, which was overruled by the court. The defendants having failed to answer, the court, by its decree of February 22, 1886, granted the relief prayed for in the bill, and from this decree the defendant, Woodard, has appealed.

The material averments of the bill are that, the female plaintiff being the owner in fee of an undivided one-third of a tract of 213 acres of land on Gillespie's run in Ritchie county, she and her husband entered into a written contract on June 11, 1883, for the sale of her interest in said land to the defendant James A. Cain at the price of $200.00, of which sum Cain paid $100.00 in cash, and for the residue executed his bond, payable to the plaintiffs one year after the date of said contract, with interest; that, at the date of said contract of sale, the female plaintiff was under twenty one years of age, and therefore, to protect the said Cain, the plaintiffs, with L. H. Wells as their surety, executed to him their obligation, con-ditioned that the plaintiffs would, one year from the date of sale, execute and deliver to Cain a good and valid deed for said land; that in June, 1885, Cain assigned and sold his said purchase, and all his interest in said land, to the defendant, Woodard, and directed the plaintiffs in writing that they should make the deed therefor to him upon the payment by him of the balance of the purchase-money; that after the said unpaid purchase money became due, and the female plaintiff had become of age, the plaintiffs informed the de-fendants that they were ready to execute and deliver the deed, and demanded payment of the balance due on the land, but that both of the defendants have refused and failed to pay the plaintiffs any part of said balance, and the whole thereof is still due to them; that the plaintiffs have filed with their bill, in escrow, to be delivered upon the pay-ment of said purchase-money, their deed to said Woodard for all their interest in said land, which is duly acknowledged for record. The prayer is that the said contract of sale be specifically executed; that the defendants be compelled to pay the unpaid purchase-money, or, in default of such pay-ment, the land to be sold to pay the same; and for general relief.

No grounds of demurrer were assigned; but the appellant,

in his petition for the appeal to this Court, alleges two grounds upon which he claims the demurrer should have been sustained; the first of which is that L. H. Wells was an essential party to the bill. There is nothing in this claim, because, Wells being simply the surety for the execution of the deed by the plaintiffs upon the female plaintiff becoming of age, his liability terminated as soon as the deed was executed, and it was therefore unnecessary to make him a party.

The second ground is that the deed tendered with the bill shows upon its face that it was not fully completed, by the acknowledgment by both grantors, until September 7, 1885, which was a few days after the process issued commencing this suit, and therefore it is claimed that the bill shows the plaintiffs were in default, and had no cause of action at the time they began their suit. This ground is also untenable. The allegations of the bill show distinctly that, by the express direction of the defendant, Cain, the plaintiffs were not to make the deed to the defendant, Woodard, until he had fully paid the balance of the purchase-money; and Woodard having failed to pay, or offer to do so, there was no obligation on the plaintiffs to deliver the deed to him. Even if we hold the delivery of the deed and the payment of the money to be dependent covenants, it does not follow that the plaintiffs were bound to execute and tender the deed before they could have a cause of action. Whatever may be the rule of pleading in regard to dependent covenants in courts of law, it is well settled, in cases of this character in courts of equity, that it will not make the bill demurrable merely because the plaintiff fails to tender with his bill for specific performance a sufficient or any deed for the land. *Brook* v. *Hewit*, 3 Ves 253.

In *Tavenner* v. *Barrett*, 21 W. Va. 657, this Court decided that " it is not necesssry that a bill for specific performance filed by a vendor should show that he had a valid legal right to the land sold. On the contrary, the bill could not be demurred to, though it appeared upon its face that the plaintiff not only did not have a good legal title to the land, but that he had no title, legal or equitable, to a portion of the land, and that he never could acquire a good title thereto,

provided that this portiou was an insignificant part of the land sold, as the court would in such case decree specific performance, with compensation." This case, it seems to me, is conclusive of the point under consideration, because, if the bill is not demurrable when it shows upon its face that the plaintiff has not a good legal title, it is certainly no valid ground of demurrer that the plaintiff has failed to tender with his bill a deed conveying the title to his grantee.

In cases of this kind, as a general rule, time is not considered of the essence of the contract, and therefore it is not regarded as material whether the plaintiff, at the time he brings his bill for specific execution, was in a situation to confer a good title upon his grantee or not. It is sufficient if he can confer such title at any time before the decree granting him relief. *Coffin* v. *Cooper*, 14 Ves. 205. It is further suggested that the bill does not aver that the female plaintiff was of age at the time she executed the deed tendered with the bill. This is a clear misapprehension, for the bill does in express terms aver that the deed was executed after the female plaintiff became of lawful age. The demurrer was therefore properly overruled.

In the final decree, after directing the land to be sold by a commissioner, in default of the payment of the balance found due the plaintiffs, it is provided that " the commissioner shall, before advertising the land or receiving any money under this decree, execute, and file with the clerk of this Court, bond," etc. It is insisted by the appellant that this requirement of the decree is not a sufficient compliance with the statute, because it does not in terms say that the commissioner shall not sell the land until he gives bond. The decree requires the commissioner to advertise before selling, and also requires the commissioner to give bond before advertising. It therefore necessarily follows that no sale can be made until the bond is given.

Upon the whole record, I find no error, and the decree must therefore be affirmed.

AFFIRMED.