HINES et al. v. ROLLER et al. *

(Circuit Court of Appeals, Fourth Circuit. January 8, 1917.)

No. 1458.

1. SPECIFIC PERFORMANCE ⊙=29(2)—CONTRACT—CERTAINTY.

A contract to purchase all the land owned by defendant on White Oak run in a certain county is sufficiently definite to be specifically enforced, though neither of the parties knew the exact description or acreage, since the description and acreage are capable of being made certain.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 71–73, 75–82; Dec. Dig. ⊙=29(2).]

2. SPECIFIC PERFORMANCE ⊙=97(3)—SUIT—CONDITION PRECEDENT—TENDER.

Where there is a bona fide difference of opinion between the parties as to the quantity of land conveyed, the purchaser does not lose his right to specific performance by not tendering payment for the amount claimed by the vendor, though that claim was correct, since the purchaser was entitled to have the decision of the court on that issue.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 296–298; Dec. Dig. ⊙=97(3).]

Appeal from the District Court of the United States for the Southern District of West Virginia, at Charleston; Benjamin F. Keller, Judge.

Suit for specific performance by Cary C. Hines and others against John E. Roller and another. Decree dismissing the bill, and complainants appeal. Reversed.

W. E. Haymond, of Sutton, W. Va. (Haymond & Fox, of Sutton, W. Va., on the brief), for appellants.

E. L. Cutlip, of Webster Springs, W. Va., for appellees.

John E. Roller, of Harrisonburg, Va., in pro. per.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. The question before us is whether the District Court erred in dismissing the bill for specific performance on the grounds: First, that the minds of the parties were never in agreement as to the property to be conveyed; and, second, that the conduct of the complainants did not show that diligence and promptness necessary to the relief asked.

In 1895, John E. Roller contracted to convey to O. C. Reed a tract of land containing about 4,000 acres in Webster county, W. Va. There

was some difference between the parties as to the validity of the title to part of the land. This difference was settled by proceedings in the state court under which a conveyance was made for the greater portion of the tract. The plaintiffs afterwards acquired by successive conveyances the land conveyed to Reed. Roller having perfected his title to the portion of the tract which Reed did not take because of defective title, on October 15, 1913, Cary C. Hines, on behalf of himself and the other complainants, made by letter to E. L. Cutlip, Roller's agent, an offer to buy it in these words:

"If you want to sell all the land owned by John E. Roller on White Oak run, in Webster county, we will give you twenty-one dollars per acre for the same, pay you one-third cash when the survey is made by you and a deed is tendered us with covenants of general warranty, conveying a good marketable title to us, and pay the residue in one, two and three years thereafter, with interest from the date of said deed, execute notes for said deferred payment in equal sums, with interest and payable as aforesaid, and secured by vendor's lien on the property so conveyed."

The offer was accepted by Cutlip on October 24, 1913. Thereafter a survey was made under the supervision of Cutlip, and the complainants by courses and distances supposed by both parties to be correct. This survey showed an area of 276 acres. Cutlip prepared a deed of conveyance and sent it to Roller, and notified complainants of his action. The complainants, on November 11, 1913, wrote Cutlip that they would comply as soon as the deed was returned duly executed. Roller, alleging a mistake in the survey, refused to execute the deed, and afterwards had another survey made under his own direction by what he claimed to be the true courses and distances. This survey showed an area of 324.7 acres. He tendered a deed for this acreage at $21 an acre. Plaintiffs refused to accept this deed for excess of acreage, for error in the statement of interest, and for improper acknowledgment. The two last objections were admitted to be valid. Thereupon the complainants brought this action for specific performance, alleging the true acreage to be 276 acres, and averring their readiness and willingness to comply in all respects with their contract. The defendant alleged in his answer that a correct survey of the true boundaries showed an acreage of 324.7, that the minds of the parties never met as to the land to be conveyed, and that the tender of the conveyance and its refusal by the complainants operated as a discharge of his obligation, if any ever existed.

After this suit was commenced the defendant tendered another deed. in proper form for 324.7 acres. The complainants, still contending that the true area was 276 acres, refused to accept the deed, but proposed that it be filed in the cause to abide the decision of the court as to the quantity of land. This offer the defendant declined. Pending the suit, the defendant, Roller, sold the land to A. F. Scott, who bought with notice, and was afterwards made a party defendant. By amended and supplemental bill the complainants set up that if they were mistaken as to the number of acres "owned by Roller on White Oak run," they were entitled, under the contract, to all the land falling under that description. The answer to the supplemental bill set up the same defenses as the original answer.

[1] A statement of the law applicable to these conditions, we think, will make clear the right of the complainants to specific performance. The contract was perfectly definite and certain. The test is not whether the contract is so definite and certain that the parties agree on its meaning, but whether it is so definite and certain that the court can ascertain with certainty what it means. If one chooses to take the risk, he may make a perfectly certain contract without any knowledge of the subject-matter described, for that is certain which can be made certain. Here the contract implied that the boundaries and acreage were unknown to the parties. The description, "all the land owned by John E. Roller on White Oak run in Webster county," identifies the land, because the court could ascertain with certainty the land, its boundaries and acreage, which Roller owned on White Oak run. In Barry v. Coombe, 1 Pet. 640, 7 L. Ed. 295, the description, "Your ½ E. B. wharf and premises," was held sufficiently definite. Williams v. Morris, 95 U. S. 444, 24 L. Ed. 360. The description, "my farm" or "my mill," was held sufficient upon proof that the vendor had no other farm or mill. White v. Core, 20 W. Va. 272; Ensminger v. Peterson, 53 W. Va. 324, 44 S. E. 218.

[2] Obviously it cannot be that a bona fide difference between the parties as to the boundaries, or the acreage of the land, or the money due, requires that the party seeking enforcement of the contract must comply with the demands of the other on pain of losing his bargain if it should turn out that he was mistaken as to his rights. When such a difference arises, the rule of reason is that either party may bring the matter into court for adjudication, alleging his construction of the agreement and his understanding of his rights under it, his readiness to perform his obligations as he understands them, and also his readiness to conform to the court's construction of the contract. That is this case. After the vendor and the purchaser had clearly ascertained that neither would accept the survey contended for by the other, tender of title by the vendor or of the purchase money by the purchaser would have been a useless formality. When the purchaser brought the vendor into court so that the difference as to the boundaries and area of the land might be determined, he did all that could be required.

"A party does not forfeit his rights to the interposition of a court of equity to enforce a specific performance of a contract, if he seasonably and in good faith offers to comply, and continues ready to comply, with its stipulations on his part, although he may err in estimating the extent of his obligation." Willard v. Tayloe, 8 Wall. 557, 19 L. Ed. 501; Tavenner v. Barrett, 21 W. Va. 657; Vaught v. Cain, 31 W. Va. 426, 7 S. E. 9; Armstrong v. Maryland Coal Co., 67 W. Va. 589, 69 S. E. 195.

The principle is clearly stated and illustrated by Judge Brannon in Watson v. Coast, 35 W. Va. 463, 14 S. E. 249, and by Vice Chancellor, now Justice, Pitney, in Worch v. Woodruff, 61 N. J. Eq. 78, 47 Atl. 725.

The evidence shows good ground for the difference between the vendor and vendee as to the boundaries and area of the land, and therefore as to the amount of the purchase money. There is no ground to impute bad faith to either. The weight of evidence, how-

ever, sustains the conclusion of the District Court in favor of the vendor's contention that the tract contains 324.7 acres.

The decree of the District Court must be reversed, with instructions to enter a decree requiring the defendant Roller to convey the track of land shown by his survey as 324.7 acres upon payment by the complainants of $6,818.70, being $21 an acre, the agreed price.

Since the defendants' contention as to the acreage was correct, the costs in the District Court should be paid by the complainants. •

Reversed.