# CHARLESTON.

R. L. PAGE *et al.* v. WESTFIELD PHARMACY, *Inc.*

(No. 5256.)

Submitted March 10, 1925.          Decided March 24, 1925.

VENDOR AND PURCHASER—*Purchaser of Land Taking a Conveyance From Claimant Not in Possession is Charged in Favor of Possessor With All Information Obtainable on Diligent Inquiry.*

A purchase of real estate, contracting with a claimant not in possession, is put on inquiry by the fact that another is in possession of the property; and if he takes a conveyance from

such claimant, he is charged in favor of the person so in possession with all the information such inquiry would have disclosed if diligently pursued.

(Vendor and Purchaser, 39 Cyc. pp. 1744, 1746.)

(NOTE:—Parenthetical references by Editors. C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Action by R. L. Page and others against the Westfield Pharmacy, Inc. Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

*Harman & Howard,* for plaintiffs in error.
*F. C. Cook,* for defendant in error.

MILLER, JUDGE:

Plaintiffs prosecute this writ of error to a judgment of the circuit court against them in an action for the possession of a room occupied by defendant as a drug store. The verdict of the jury was found on a peremptory instruction to find for defendant.

At the time plaintiffs purchased the property demanded, defendant was in possession under a lease from D. C. Garner, their grantor. This lease, in writing, but not recorded, provided for a term of one year from the date thereof, April 15, 1923, and contained the following provision: "It is further understood and agreed that the parties of the second part, upon giving at least thirty days notice in writing, of their intention so to do to the party of the first part, are to have the right to renew this lease for a further term of three years from and after the 15th day of April, 1924, upon payment of rent for such further term at the rate of $225.00, Two Hundred Twenty-five Dollars, per month, payable in advance on the first day of each calendar month."

It appears that the defendant had entered the premises in May, 1922, under a prior lease from Garner, dated April 15, 1922, and expiring April 15, 1923. This prior lease also contained a provision for thirty days notice of option to renew for one year. On May 10, 1923, defendant wrote Gar-

ner, advising him of its intention to renew the lease for a further term of one year, pursuant to the provisions of the lease then in force. This letter contained the following request: ''We failed to give you the required thirty days notice of our intention to renew, but we did not start our business until May 15th, and had in mind the lease expired on that date. We would be glad if you would write us, stating this clause will not be binding in the future and we won't have to give this notice as you know we will give you ample notice if we decide to not renew at any time.'' Defendant introduced in evidence the following letter to it, dated April 14, 1923, and signed by D. C. Garner: ''I am sending you herewith the new lease on my hotel Cleo Building, dated April 15, 1923, duly signed. Complying with your request I am willing to cancel the thirty days notice clause. So you may consider this clause not binding in the future.'' W. R. L. Craft, defendant's president and manager, testified that when Garner delivered to him the renewal lease and agreed to waive notice, he himself wrote the letter of April 14th, and had Garner sign it, because ''we wanted to have it in writing so it would be a written contract. * * * It was a letter to make it in writing.'' He testified the letter was written the day it is dated, and was then signed by Garner, and that Garner was given a copy. He gives as his reason for being dilatory in notifying Garner of his intention to renew the first lease, and for soliciting the modification of the contract, that he had started in business May 15, 1922, and had it in mind the lease expired one year from that date, and was liable to make the same mistake at the expiration of the renewal.

By letter of April 7, 1924, defendant wrote plaintiffs as follows: ''This is to advise you we expect to renew our lease on your Cleo hotel building covering a further term of three years with privilege of three years more as specified in·the contract made with D. C. Garner. We think our second year will expire May 15th, and the contract provides we give you notice of our intention to renew.'' Under date of April 11th, plaintiffs notified defendant that the lease would expire April 15th, and defendant having failed to exercise its option to renew as provided by the contract, ''you will therefore ar-

range with us for a new lease, on terms to be mutually agreed upon, or promptly vacate said premises on said 15th day of April, 1924.''

Plaintiffs insisted on a new contract, at an increased rental; and defendant stood on its right to a renewal under the modified lease from Garner. No other terms were ever agreed upon. Plaintiffs contend they did not know of the letter of April 14, 1923, until after they had given defendant notice to arrange with them for a new lease or vacate the premises, and not until a short time before this suit was instituted. They introduied in evidence Garner's copy of the lease of April 15, 1923, but do not say when they came into possession of it, whether before or after they purchased the property.

Plaintiffs contend that fraud may be inferred from the fact that defendant's president Craft did not disclose the existence of the letter of April 14, 1923; but it nowhere appears that either of the plaintiffs ever sought from him the terms of the lease under which he held the premises purchased by them. And they say that the fact that defendant gave them notice of its intention to renew the lease, by its letter of April 7, 1924, is evidence that Craft did not rely on the alleged modification. Craft testified that he did so as a matter of courtesy only, to let them know he expected to renew, not to comply with the thirty days clause.

It is to be inferred from plaintiffs' charge of fraud that they question Craft's statement that he received the letter of April 14, 1923, at the time the lease was renewed. They say defendant should have called Garner as a witness to that fact. But no one contradicts Craft; and if plaintiffs relied on fraud, why did they not call Garner as a witness? The burden of proving the genuineness of the letter was not on defendant; but the burden of impeaching it was on plaintiffs. Before the trial began they knew defendant would rely on the letter as a modification of the lease. If Garner's testimony would have supported their charge of fraud, it seems most likely they would have summoned him as their own witness. His evidence might have been conclusive of the fact, or have created an issue of fact for the jury. In the face of the documentary evidence produced, we do not think there

was sufficient evidence of fraud to submit the case to the jury on that question, or that the trial court erred in its ruling on that point.

"A person in possession of real estate is sufficient notice to a purchaser, contracting with a claimant of such real estate not in possession, to put him on inquiry, and if he takes a conveyance from such claimant, he will be charged in favor of the person so in possession with all the information such inquiry would have given him if diligently pursued." *Campbell* v. *Fetterman's Heirs*, 20 W. Va. 398. "The law not only imposes the duty upon a purchaser to make such investigation, but imputes to him notice of all facts which such inquiry would have disclosed, and of all the rights of those in possession, depriving him of the defense of an innocent purchaser." *Mills* v. *McLanahan*, 70 W. Va. 288, 295. See, also, 10 Enc. Dig. Va. & W. Va. Rep. 488; Id. 5 Cum. Sup. 45, and cases there cited.

There is no evidence that plaintiffs at any time made inquiry of defendant to ascertain the terms of the contract under which it held possession of the leased premises. On the contrary, they now claim that it was fraud on defendant's part not to voluntarily disclose to them the terms of the contract. The fact, if so, that Garner delivered to them his copy of the lease of April 15, 1923, as the only contract between him and defendant, would not bind the defendant. If defendant had given them such information the case might be different; but there is no evidence that he did so. Clearly, under the authorities cited above, plaintiffs were negligent in not making inquiry of the tenant in possession. They were charged with knowledge of all facts such inquiry might have disclosed.

The judgment will be affirmed.

*Affirmed.*