# CHARLESTON.

UNITED FUEL GAS COMPANY *v.* MORLEY OIL & GAS COMPANY.

(No. 5570)

Submitted February 16, 1926.    Decided February 23, 1926.

1. VENDOR AND PURCHASER—*To be Protected Against Prior Un-recorded Deed, One Must be Complete Purchaser Without Notice of Prior Contract or Deed, and Have Paid All Purchase Money for Land (Code, c. 74, § 5).*

   To be protected by section 5, chapter 74 of the Code, against a prior unrecorded deed, one must be a complete purchaser, must have had no notice of the prior contract or deed, and have paid all the purchase money for the land purchased by him. (p. 85.)

   (Vendor and Purchaser, 39 Cyc. pp. 1702, 1768.)

2. SAME—*Erection of Schoolhouse on Lot Acquired by Prior Unrecorded Deed, and Conduct of School Therein, Held Sufficient to Put Subsequent Purchaser on Notice (Code, c. 45, § 48).*

   The erection of a schoolhouse on a schoolhouse lot acquired by a board of education by a prior unrecorded deed, and the conduct of schools therein, is sufficient to put a subsequent purchaser on notice of the rights and interests of the board of education in such lot, and to deprive such subsequent purchaser of the status of a purchaser without notice. (p. 86.)

   (Vendor and Purchaser, 39 Cyc. p. 1755.)

   (Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Roane County.

Suit by the United Fuel Gas Company against the Morley Oil & Gas Company for an injunction. From a decree dissolving a preliminary injunction, plaintiff appeals.

*Affirmed.*

*Raymond Dodson* and *Harold A. Ritz,* for apellant.

*Thos. P. Ryan, S. P. Bell* and *Harper & Baker,* for appellees.

Miller, Judge:

Plaintiff, the owner, by a grant from one Kemper, of a half undivided interest, and lessee from one Goff of the other half undivided interest, in all the oil and gas under a tract of seventy-five acres of land in Roane County, seeks by the bill to perpetually enjoin the Morley Oil & Gas Company, lessee of the Board of Education of Geary District in said county, of three-fourths of an acre lot, a part of the said seventy-five acres, from drilling a well for the production of oil or gas on said lot, and to cancel as a cloud upon plaintiff's title to the oil and gas in the tract so acquired from said Kemper and Goff, the lease from said board of education; and there is also a prayer for general relief.

The bill shows that the board of education acquired its deed from America Hensley and husband August 7, 1903, not recorded until November 16, 1905; that Kemper got his deed from the same grantors March 18, 1904, recorded March 23, 1904; and that Goff got his deed from the Hensleys January 30, 1909, recorded February 8, 1909, and leased the same to plaintiff October 19, 1914, for ten years, extended March 26, 1923, for an additional term of five years. On the presenting of the original bill to the circuit judge August 14, 1923, a preliminary injunction was awarded as prayed for, which, on the defendant's motion to dissolve, heard on bill, amended and supplemental bill, and the joint and several demurrer and answer of the defendant thereto, by an order of the circuit court on September 25, 1925, was dissolved, and from which decree this appeal was awarded.

No issue of fact is presented for our consideration on this appeal, which involves solely the correctness of the ruling of the court below in dissolving the preliminary injunction, for the cause was not then matured for final decree. The only issue of fact presented by the pleadings, if any, is whether the plaintiff is a complete purchaser from Kemper of the half undivided interest in the oil and gas under the seventy-five acres without notice of the rights of defendant under the unrecorded deed to the board of education for the school house lot. In plaintiff's amended and supplemental bill it is

admitted that the board of education took possession of its lot in the fall of 1903, and erected thereon a school house, and has continually since then, during the school terms, conducted school therein, and been in the exclusive possession of said school house lot; but it denies that such possession for school purposes was inconsistent with plaintiff's rights and the rights of its predecessor in the oil and gas thereunder, or no notice to it of any rights antagonistic to the rights so acquired by it.

Wherefore it is complained that the decree appealed from is erroneous in three particulars: First, in not adjudging the deed to the board of education to be void as to Kemper and those claiming under him, because unrecorded so as to give notice to him, pursuant to section 5 of chapter 74 of the Code: Second, in not holding, under the showing made, that Kemper was a purchaser for value without notice of the said unrecorded deed to the board of education: Third, in holding that the erection of the school house on the lot constituted notice to Kemper of the claim of title of the board of education thereto.

On the first proposition, of course the statute protects only a purchaser without notice, and the purchaser so protected must be a complete purchaser, one who has no notice of the prior unrecorded deed, or of the rights of the grantee, and who has paid all the purchase money. *Doswell* v. *Buchanan's Ex'ors,* 3 Leigh, 365; *Welch* v. *King,* 82 W. Va. 258; *Webb* v. *Bailey,* 41 W. Va. 463; *Heck* v. *Morgan,* 88 W. Va. 102. Neither the bill nor amended bill squarely affirms the necessary facts to constitute plaintiff or its predecessor in title such complete purchaser; and the fact is denied in the answer, and there is no proof of the fact. The plaintiff relies solely on the recital in the deed of the payment of the consideration, certainly not binding on one not a party to the instrument.

What we have said on the first is a good answer to the second proposition also.

Respecting the third point of error, it is urged by counsel for plaintiff, first, that in as much as the law existing at the time of the deed to the board of education was made, as interpreted in *Herold* v. *Board of Education,* 65 W. Va. 765,

did not empower such board to lease its land for oil and gas, or to engage in that business, the deed under which it claimed the right to execute the lease in the present case was not notice to subsequent purchasers that it was entitled to take the oil or gas or to lease the land for that purpose to another, and was therefore void as to subsequent purchasers. We think this proposition not well founded in law. The deed was absolute, vesting the grantee with full legal title. The fact that the board might not be able to engage in the oil and gas business, would not deprive it of title to all and every part of the land. No reservations or exceptions of any kind were contained in the deed. Some one interested as a citizen or taxpayer or a patron of the school, for the protection of the school, might have had some rights to prevent misuse of the lot; but who else would have that right? The statute gives boards of education power to sell and dispose of surplus property. Could a board of education not dispose of oil and gas rights under the statute? Since the decision in *Herold* v. *Board of Education,* the Legislature has fully empowered boards of education to lease their lands for oil and gas purposes, enacted no doubt to relieve against the effect of that decision. Section 48, chapter 45, Code.

We think, moreover, that the possession of the school house and lot by the board of education was notice to all the world of the rights of the board and of its lease. Perhaps the most recent declaration on the subject is *Page* v. *Pharmacy,* 98 W. Va. 558, citing prior decisions. The point of the syllabus is: ''A purchaser of real estate, contracting with a claimant not in possession, is put on inquiry by the fact that another is in possession of the property; and if he takes a conveyance from such claimant, he is charged in favor of the person so in possession with all the information such inquiry would have disclosed if diligently pursued.''

Our conclusion is to affirm the decree.

*Affirmed.*