WILLIAM H. CROSS *et al. v.* FAY RIDDELL *and* HELEN FARKAS

(No. 7972)

Submitted November 21, 1934. Decided December 11, 1934.

*E. E. Robertson* and *Lillian S. Robertson,* for appellants.

*Lively, Lively & Stambaugh,* for appellees.

WOODS, PRESIDENT:

This is a proceeding in equity by Sarah Anna Cross, former owner of a 224 acre farm, and Wm. H. Cross, her husband, for the purpose of restraining and inhibiting their grantee, Fay Riddell, and a subsequent purchaser, Helen Farkas, from selling, conveying, encumbering or otherwise disposing of said farm, and from further prosecuting a certain action of unlawful detainer, and praying that the farm be re-conveyed to them. The cause was heard upon the bill, answers, and depositions. From a finding in favor of the defendants, the plaintiffs appeal.

On December 9, 1925, plaintiffs executed a deed of trust to Kanawha National Bank to secure the Virginian Land Bank in a loan of $3,000. The plaintiffs having become delinquent in their payments, the trustee was directed to, and did, advertise the property for sale. Fay Riddell, at the urgent solicitation of W. H. Milam, a blood brother of Sarah Anna Cross, and at one time a brother-in-law of Fay Riddell, made an initial payment sufficient to stop the sale, and on July 25, 1932, took a deed, absolute on its face, with covenants of general warranty, from the Crosses, the consideration being $10.00 in cash, and other valuable considerations, receipt of which was thereby acknowledged. She made payments on the Virginian loan totalling $450.00. On October 12, 1932, she executed a deed to the property to Helen Farkas, whereby the latter was to assume payment of the $2,700, which was still due the Virginian Land Bank, and a further consideration of $1,500—$200 in cash and $1,300 in notes. On October 22, 1932, the deed to Farkas was duly recorded. Thereafter, upon the Crosses' refusal to give up the property, Farkas instituted an action before a justice for unlawful detainer, which case is now pending on appeal before the common pleas court of Kanawha county.

A paper denominated "declaration of trust" purporting to have been signed by Fay Riddell was admitted in the unlawful detainer action to support the Crosses in their contention that there was an understanding that they

were to have until March 1, 1933, in which to re-pay Fay Riddell all she had expended and redeem the farm. Fay Riddell says that she never heard of a "declaration of trust" until at the trial before the justice, and, further, that she never signed her name to any such paper, or had any such understanding with the Crosses.

Mrs. Farkas claims to be an innocent purchaser for value. At the time of her purchase the title, so far as the records in the county clerk's office revealed, was in Fay Riddell. The fact that the "undated" declaration of trust was recorded two days prior to October 22nd, the date that Mrs. Farkas actually recorded her deed, has no bearing on the latter's title, if she was an innocent purchaser for value at the time of the delivery of the deed. *Lang* v. *Smith,* 37 W. Va. 725, 17 S. E. 213; *Hutchinson* v. *Rust,* 2 Gratt. 394.

If the presence of the Crosses on the property was sufficient to put Mrs. Farkas on notice, and make further inquiry necessary concerning the Crosses' interest (*United Fuel Gas Co.* v. *Morley Oil, etc., Co.,* 101 W. Va. 83, 131 S. E. 716; *Page* v. *Westfield Pharmacy,* 98 W. Va. 558, 128 S. E. 94), Mrs. Farkas' rights could be affected only to the extent of the Crosses' interest therein, which, according to the latter, was the right to redeem prior to March 1, 1933. The Crosses do not show that a tender was ever made to Fay Riddell, as provided for in the alleged "declaration of trust"; or that they were prevented from so doing by any fraud upon the part of either Mrs. Riddell or Mrs. Farkas. And, according to the Crosses' own testimony, the date for redemption had passed long prior to the institution of this suit.

There is such a substantial conflict regarding the conversations had between the Crosses and Mrs. Farkas, and the validity of the declaration of trust, that we would not be warranted in upsetting the chancellor's finding in regard thereto, had such matters been necessary to the disposition of the case.

The decree of the circuit court must be affirmed.

*Affirmed.*