345 S.E.2d 323

**Denny GULLETT and Jimmy Gullett**

v.

**Burgess E. BURTON and Irene Burton.**

**No. 16567.**

Supreme Court of Appeals
of West Virginia.

June 10, 1986.

---

1. The applicable limitations period. *See* W.Va. Code § 55–2–1 (1981).

448

Deborah A. Sink, Gerard R. Stowers, Bowles, McDavid, Graff & Love, Charleston, W.Va., for appellant.

Bernard L. Spaulding, Logan, W.Va., for appellee.

PER CURIAM:

Burgess E. and Irene Burton, defendants below in an action to quiet title, appeal from an order of the Circuit Court of Logan County, which ruled that Jimmy and Denny Gullett, plaintiffs below (appellees) own a one-third undivided interest in a 375-acre tract of land. The appellants contend that they are the sole owners of the 375-acre tract, and they assign the following errors to the trial court's rulings: (1) The description in the deed by which the appellees claimed an interest in the property was insufficient to effect a conveyance or to put the appellants on notice; (2) the evidence failed to establish that the appellees' grantor intended to convey a one-third undivided interest in the 375-acre tract; and (3) the court erred in denying a motion to open the judgment and consider additional evidence. We find no merit in the appellants' contentions and therefore affirm.

*Facts*

Charles E. Mitchell owned a one-third undivided interest in 375 acres situated in the Guyan District of Logan County. The remaining two-thirds interest was owned by Daisy Dean Williams, Mitchell's niece. The 375-acre tract, known as the "Ed Stone Farm," descended to Mitchell and Williams from the estate of Mitchell's grandfather.

Mitchell at one time owned other land in Logan County. In 1913, he acquired, by deed from Special Commissioner E.T. England, three tracts containing 200 acres, one-half acre, and 25 acres,[1] respectively. Prior to 1920, Mitchell sold the 200 and one-half acre tracts. Mitchell had also sold most of the 25 acres and made his home on the remaining four and one-half acres.

In 1977, the appellees approached Mitchell to ask if they could purchase part of the 375-acre tract. Mitchell was interested, but he informed the appellees that his niece owned a two-thirds undivided interest. There was testimony at trial that Mitchell and Williams subsequently agreed to a division and that their agreement was reduced to writing. The agreement was not recorded, nor was it introduced into evidence at trial. It is apparent that, because of the agreement, Mitchell believed he owned the northern 125 acres ("upper end") of the "Ed Stone Farm."

---

1. The 25-acre tract was described in the Commissioner's deed as containing 125 acres, of which 100 acres were excepted due to a prior out conveyance.

On October 31, 1977, Charles Mitchell executed a deed conveying property to the appellees. The deed contained the following description:

That certain parcel of real estate comprised of One Hundred Twenty-Five (125) acres in fee simple title except for the coal which has previously been conveyed as is described in the Logan County Land Books of 1977, at page 109 and line 3, as being situate on Ed Stone Branch of Big Creek and Guyan District, Logan County, West Virginia, and demonstrated on a map numbered 105 as parcel 5 and being a portion of the realty as was conveyed to CHARLES E. MITCHELL by Special Commissioner E.T. England by deed of record in the Office of the Logan County Commission in Deed Book 40, at page 230, in 1914 to which reference is made for a more complete description.

Stated consideration for the conveyance was "the sum of $1.00 (One Dollar) cash in hand paid and the love and affection that I bear for the Grantees ..." The value of the land conveyed was declared to be $1,250. This deed was recorded in the office of the clerk of Logan County on October 31, 1977.

On February 21, 1978, Mitchell and Williams signed separate deeds conveying their respective interests in the 375-acre tract to the appellants. The deed from Mitchell to the appellants purports to convey an undivided one-third interest in the entire 375-acre tract. Consideration for the conveyance was "One Dollar ($1.00) cash in hand paid, and other good and valuable considerations ..." The dollar was never actually paid. Both of appellants' deeds were recorded in the office of the clerk of Logan County on February 22, 1978.

The appellees filed a complaint in April of 1978, seeking an order declaring the deed from Mitchell to the appellants to be null and void.[2] The appellees asserted that they owned the same tract of land subsequently conveyed to the appellants by

Charles Mitchell, that the appellants' deed was a cloud on the title of the appellees, and that the appellants misled Mitchell as to the contents of the document he signed. In their answer, the appellants denied these allegations.

The case was tried, without a jury, in February of 1979. Post-trial memoranda were submitted and the court took the matter under advisement. An order resolving the dispute was entered on March 15, 1983.[3]

The court determined that Mitchell conveyed to the appellees his undivided one-third interest in the 375-acre tract; that Mitchell intended to convey that undivided one-third interest; that there was a mistaken reference to another tract of land in the description contained in the deed from Mitchell to the appellees; that the appellants had actual knowledge of the deed from Mitchell to the appellees and were not bona fide purchasers for value without notice; and that the appellants' deed from Mitchell represented a cloud on the title of the appellees. The court declared the appellees were owners of a one-third undivided interest in the 375-acre tract and voided the deed from Mitchell to the appellants.

On three occasions prior to the entry of the order, but subsequent to the oral announcement of the ruling, the appellants moved the court to hear additional evidence, including the testimony of Daisy Dean Williams and the lawyer who prepared the appellants' deeds. The appellants also wanted an opportunity to introduce certain leases and deeds showing Mitchell's ownership of property other than his interest in the 375-acre tract. On March 15, 1983, the court denied these motions. The appellants thereafter moved for a new trial, again seeking to introduce additional evidence. On March 29, 1984, the court denied the motion for a new trial, and this appeal followed.

2. By their complaint, the appellees also sought partition of the property in accord with the written agreement between Mitchell and Williams. This aspect of the action is still pending.

3. The court may have orally announced its ruling as early as October 10, 1979.

*Sufficiency of the Description*

The appellants contend that the description in the deed from Mitchell to the appellees was insufficient either to (1) effectuate a conveyance, or (2) to provide notice to the appellants as subsequent purchasers.

The description in the deed from Mitchell to the appellees contains references to two distinct tracts of land. The portion of the description referring to page 109, line 3 of the Logan County Land Books and parcel 5 on map 105, relates to the 375-acre tract; the reference to a conveyance from E.T. England recorded at page 230, Deed Book 40, relates to the property acquired by Mitchell from a special commissioner.

■ Although the description refers to two different tracts of land, the deed is not thereby rendered void. Syllabus point 3 of *Thorn v. Phares*, 35 W.Va. 771, 14 S.E. 399 (1891) provides:

The main object of a description of the land sold or conveyed, in a deed of conveyance, or in a contract of sale, is not in and of itself to identify the land sold— that it rarely does or can do without helping evidence—but to furnish the means of identification, and when this is done it is sufficient. That is certain which can be made certain.

■ Where a deed contains descriptions of two different tracts, one of which is shown to apply to property that the grantor intended to convey and the other of which is included by mistake, the mistaken portion of the description should be rejected. *See* syl. pt. 6, *Mylius v. Raine-Andrew Lumber Co.*, 69 W.Va. 346, 71 S.E. 404 (1911).

■ In the case before us, the testimony of the appellees and Mitchell showed that the deed related to Mitchell's interest in the 375-acre tract. The trial judge found (1) that the property to which the appellees' deed referred was the 375-acre tract acquired by Mitchell through his grandfather's will and (2) that the reference in the description to property acquired from Special Commissioner E.T. England was a mistake. These findings are supported by a preponderance of the evidence and will therefore not be disturbed.

' "A finding of fact made by a trial chancellor or by a trial court sitting in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by this Court on appeal unless the evidence plainly and decidedly preponderates against such finding." Syllabus Point 8, *Sanders v. Roselawn Memorial Gardens, Inc.*, 152 W.Va. 91, 159 S.E.2d 784 (1968).' Syllabus Point 1, *Trenton Construction Company, Inc. v. Straub*, 172 W.Va. 734, 310 S.E.2d 496 (1983).

Syl. pt. 1, *McElwain v. Wells*, 174 W.Va. 61, 322 S.E.2d 482 (1984).

■ The Burtons admitted that they saw the Gulletts' deed while searching the records at the Logan County Courthouse. Although they had both constructive and actual notice of the deed from Mitchell to the appellees, the appellants nevertheless contend that the deed was insufficient notice of a potential cloud on the title of the property they intended to purchase. This contention is without merit.

We have already determined that the deed from Mitchell to the appellees was effective to pass title of an interest in the 375-acre tract from Mitchell to the appellees. Because of their actual notice of the deed, the appellants may not claim to be subsequent bona fide purchasers without notice.

■ The appellants not only had notice of the deed, but the evidence also shows that they had sufficient notice of the appellees' possession and use of the "upper end" of the 375-acre tract. Burton also saw the Gulletts on the "upper end" of the tract and specifically asked them if they had purchased the property. This encounter occurred prior to the conveyance to the Burtons. The Gulletts also recalled meeting Burton on the property. They testified that on that day they were building a bridge and that at other times they had cleared some fields. Burton denied knowledge of any work done by the Gulletts, but he had seen the bridge. The evidence was sufficient to show that the appellants had a duty to inquire into the nature and extent

of the interest conveyed in the deed from Mitchell to the appellees and to make such inquiry prior to purchasing Mitchell's interest in the same property.

■ The effect of not making an adequate inquiry into defects in title to real estate is comprehensively set forth in syllabus points 1, 2, 3 and 4 of *Pocahontas Tanning Co. v. St. Lawrence Boom & Mfg. Co.*, 63 W.Va. 685, 60 S.E. 890 (1908):

1. Whatever is sufficient to direct the attention of a purchaser to prior rights and equities of third parties, so as to put him on inquiry into ascertaining their nature, will operate as notice.

2. A party is not entitled to protection as a *bona fide* purchaser, without notice, unless he looks to every part of the title he is purchasing, neglecting no source of information respecting it which common prudence suggests.

3. That which fairly puts a party on inquiry is regarded as sufficient notice, if the means of knowledge are at hand; and a purchaser, having sufficient knowledge to put him on inquiry, or being informed of circumstances which ought to lead to such inquiry, is deemed to be sufficiently notified to deprive him of the character of an innocent purchaser.

4. If one has knowledge or information of facts sufficient to put a prudent man on inquiry, as to the existence of some right or title in conflict with that which he is about to purchase, he is bound to prosecute the same, and to ascertain the extent of such prior right; and, if he wholly neglects to make inquiry, or, having begun it, fails to prosecute it in reasonable manner, the law will charge him with knowledge of all facts that such inquiry would have afforded.

*See also Bailey v. Banther*, 173 W.Va. 220, 314 S.E.2d 176 (1983).

■ They also may not claim protection as bona fide purchasers because, by their own admission, and the trial judge so found, they paid nothing as consideration for the conveyance from Mitchell. Our recording statute, *W.Va.Code*, 40-1-9 [1963] protects "subsequent purchasers *for valuable consideration* without notice ..." (emphasis added). *See* syllabus, *Alexander v. Andrews*, 135 W.Va. 403, 64 S.E.2d 487 (1951); syl. pt. 1, *United Fuel Gas Co. v. Morley Oil & Gas Co.*, 101 W.Va. 83, 131 S.E. 716 (1926).

For all the foregoing reasons, we conclude that the trial judge properly determined that the appellants were not bona fide purchasers for valuable consideration without notice.

### *Intention of Charles Mitchell and the Gullett's*

■ Having determined that the deed from Mitchell to the appellees was not void and that it was sufficient to put the appellants on inquiry, we must next determine what interest in the property was acquired by the appellees. The deed purports to convey 125 acres in fee simple except for the coal. The trial judge found that Mitchell intended to and did convey to the appellees a one-third undivided interest in the 375-acre tract.

It is well-established that construction of a deed should give effect to the intention of the parties. *Totten v. Pocahontas Coal Co.*, 67 W.Va. 639, 642, 68 S.E. 373, 374 (1910); *Bruen v. Thaxton*, 126 W.Va. 330, 339-40, 28 S.E.2d 59, 64 (1943); *Wellman v. Tomblin*, 140 W.Va. 342, 347, 84 S.E.2d 617, 620 (1954); *Kell v. APCO*, 170 W.Va. 14, ——, 289 S.E.2d 450, 456 (1982); *Sally-Mike Properties v. Yokum*, 175 W.Va. 296, ——, 332 S.E.2d 597, 600 (1985).

The appellants contend that the finding of the trial judge with respect to Mitchell's intention is contrary to the evidence. The appellants cite testimony of the appellees and Mitchell which indicates an intention to convey an interest only in 125 acres (the "upper end") of the 375-acre tract. The evidence does tend to show that in making the conveyance, Mitchell may have believed that, as a consequence of his agreement with Daisy Dean Williams, he owned the upper 125 acres and no longer owned an undivided one-third interest in the whole tract. The appellants testified that they did not contemplate ownership of any land below what was referred to as "the long

field," located near the middle of the property.

We have already observed that the agreement was not introduced into evidence. There is no indication that the trial judge considered it when making his finding that Mitchell intended to convey an undivided one-third interest. The validity of the agreement was not an issue before the trial court, although there was considerable testimony about it. The appellants assert that a copy of the agreement was attached as an exhibit to the complaint. However, this was done because of the appellees' belief that it would aid in making a partition of the property after the title dispute had been resolved.

Unfortunately, the trial court's order does not reflect any underlying facts upon which the finding as to Mitchell's intention was based. It is clear, however, that Mitchell intended to sell his entire interest in the 375-acre tract. One of the appellees, Jimmy Gullett, testified that he had intended to purchase Mitchell's one-third share. Absent the partition agreement, Mitchell owned an undivided one-third interest in the whole tract. Viewed in this way, we cannot say that evidence plainly and decidedly preponderated against the trial judge's finding with respect to Mitchell's intention. *See* syl. pt. 1, *McElwain v. Wells, supra.*

*"Newly discovered" evidence*

■ Finally, there was no error in the trial judge's several refusals to permit the introduction of additional evidence. None of the proffered testimony or documents was, in any sense, newly discovered. Moreover, there was no effort made to show that, with reasonable diligence, this evidence could not have been discovered at the time of the trial. *See W.Va.R.Civ.P.* 60(b)(2); syl. pt. 3, *Fluharty v. Wimbush,* 172 W.Va. 134, 304 S.E.2d 39 (1983).

For the foregoing reasons, the order of the Circuit Court of Logan County is affirmed.

Affirmed.