# CHARLESTON.

BROEMSEN *et als.* v. AGNIC.

Submitted January 31, 1911.   Decided December 12, 1911.

1. VENDOR AND PURCHASER—*Contract—Validity—Certainty.*

A contract selling land is not void for uncertainty because no time is specified for executing or tendering the deed, or payment of the purchase money. Where no time is specified, a reasonable time is always implied. (p. 108).

70 W. Va.

2.  SAME—*Contract—Certainty as to Parties.*

    A contract of sale and purchase of land, signed on behalf of
    the vendors, "H. Broemsen Heirs, by L. A. Rolf, Agent" is not
    void and unenforcible because of uncertainty of parties.   (p.
    108).

3.  SPECIFIC PERFORMANCE—*Sale of Land—Enforcement by Vendor
    —Laches.*

    Delay of several months, by a vendor after promptly tender-
    ing a deed to the vendee, to institute a suit against the vendee
    to specifically execute a contract of sale, there being nothing in
    the facts or circumstances showing an intention on his part to
    abandon the contract will not defeat such suit on the ground
    of laches.   (p. 109).

4.  SAME—*Contract to Sell Land—Tender of Performance by Vendor.*

    If at or before the time of the decree for specific execution
    of a contract, the vendor is able to do so, and tenders a good
    and sufficient deed, conveying the land as called for by the con-
    tract, specific execution thereof may be decreed.   (p. 109).

Appeal from Circuit Court, Ohio County.

Action by Edward Broemsen and others against Michael
Agnic.   Decree for plaintiffs, and defendant appeals.

*Affirmed.*

*J. B. Sommerville,* for appellant.

*A. L. Sawtell* and *T. S. Riley,* for appellees.

MILLER, JUDGE:

Defendant has appealed from the decree below, pronounced
December 17, 1909, specifically executing his contract of pur-
chase and giving decree against him for $2200.00, balance of
purchase money, as follows: "Wheeling, W. Va., January 14,
1907.   This is to certify that Mike Agnic has bargained to
buy from H. Broemsen Heirs, per L. A. Rolf, agent, their Agent,
the property known as 2648 Main Street, for the sum of
$2300.00 to be paid as follows: $100.00 cash in hand, the
receipt of which is hereby acknowledged, the balance $.......
to be paid or arranged for on tender of a good general warranty
and safe deed.   (Signed)   H. Broemsen Heirs (Seal) by L. A.
Rolf, Agent.   Michael Agnic, (Seal)."

That defendant made the contract, and that the appellees,

through their agent or attorney, on or about February......, 1907, tendered to defendant or his authorized agent, a deed for the property purchased, and exhibited or tendered with the bill, dated January 15, 1907, and purporting to convey to him with covenants of general warranty "all their right, title, interest, claim or demand, whatsoever in and to" said lot, and that plaintiff's title is good, are facts alleged in the bill, not specifically denied in the answer, and are fully proven by the evidence. There is evidence that defendant's attorney, after the deed was tendered made some captious objections to the title, but the evidence shows they were without substantial merit.

The decree below is first attacked on the ground of alleged uncertainty of the contract: First, in failing to fix a time for execution of the deed, the tender thereof, to whom to be tendered, and the payment of the purchase money; in other words that the contract was not binding on appellees, and upon the principles of *Eclipse Oil Co.* v. *South Penn Oil Co.,* 47 W. Va. 84, 34 S. E. 923, was void for want of mutuality, and not binding on appellant. There is nothing in this position, and the case cited is inapt. The rule is that where no time is specified, and unless time is of the essence of the contract, not made so by this contract, a reasonable time is always implied.

Second, it is said the contract is uncertain as to parties, and therefore void, being signed "H. Broemsen Heirs, by L. A. Rolf, Agent," the names of the heirs not being given, and that as it appears H. Broemsen disposed of his property by will, his devisees and not his heirs could sell and convey the same. We see no merit in this point. It is true a contract must be reasonably certain as to parties, as well as to subject matter. *Hissam* v. *Parrish,* 41 W. Va. 686. Pomeroy on Contracts, (2nd Ed.) section 147. But reasonable certainty is all that is required. H. Broemsen's heirs made the contract reasonably certain as to the vendors; besides it was not necessary that the contract should be signed by the principals, it being signed by an agent authorized to make it on their behalf. *Armstrong* v. *Coal Co.,* 67 W. Va. 589, 598, and authorities cited. The fact that the contract was made on behalf of "H.

Broemsen Heirs," when it appears the property had been devised by H. Broemsen to his wife, Georgine Broemsen, and that though heirs of both, the vendors had derived the property directly from their mother and not from the father will not relieve defendant from performance of his contract. *Blaisdell* v. *Morse,* 75 Me. 542; *David* v. *Williamsburgh City Fire Ins. Co.,* 83 N. Y. 265. The erroneous description by which parties undertake to sell, or convey land makes no difference, if as individuals they have the right and title to sell and convey. *Williams* v. *Hardie,* 21 S. W. 267.

Another point of attack is that appellees were guilty of laches, and therefore not entitled to specific performance of the contract. It is claimed they failed to show themselves ready, desirous, prompt and eager to perform the contract on their part. We see no merit in this contention. The bill and evidence shows reasonable promptness in making and tendering a deed. While the deed may have been technically objectionable, the vendors appear to have been ready, able and eager to make a good deed, if the one tendered was not satisfactory in form. The evidence satisfies us that appellant did not intend to execute the contract on his part, and that a deed in any form would not have been accepted. Plaintiffs brought the suit within a reasonable time after defendant's refusal to perform the contract on his part. There is nothing in the delay to sue or in the facts and circumstances pleaded or relied on in defense to show any intent to abandon the contract, or excuse the performance of the contract by defendant, so as to bring the case within the rule of *Harrison* v. *Harrison,* 36 W. Va. 556, *Bluestone Coal Co.,* v. *Bell,* 38 W. Va. 297, or *Gish's Exor.* v. *Jamison,* 96 Va. 312, relied on by defendant's counsel.

Lastly it is objected to the decree that a good deed such as the contract called for, was not tendered before suit, or with the bill. Defendant had declined to perform the contract before suit on other grounds than the objectionable form of the deed, which we think were not well founded. The rule is, that if before decree a vendor is able to tender a good and sufficient deed this will suffice for a decree of specific performance. *Armstrong* v. *Coal Co., supra; Tavenner* v. *Barrett,* 21 W. Va. 656; *Vaught* v. *Cain,* 31 W. Va. 424. A writ of

*certiorari* awarded here has brought up as a part of the record, a deed identified by the endorsement of the clerk of the circuit court as the deed tendered at the time of the final decree appealed from. This deed we think good in form and in strict compliance with the contract. No objection to it for want of form or substance is pointed out on the hearing here. Appellant was thereby given choice of the two deeds, the one rendered before suit, and with the bill, or the one tendered at the date of the decree.

We have found no substantial error therein, for which the decree appealed from should be reversed, and our conclusion is that it should be affirmed.

*Affirmed.*