# CHARLESTON.

GROVER COLLINS *v.* DOLLY THOMAS *et al.*

Submitted January 25, 1921.   Decided February 1, 1921.

1. SPECIFIC PERFORMANCE—*Where Contract Admitted, Immaterial Whether Deed was Deposited in Escrow or Depository was Mere Agent of Seller.*

    When the fact and the terms of a contract for the sale and purchase of land as alleged in the bill are admitted in the answer, it is immaterial so far as the right of the purchaser to specific execution of the contract is concerned, whether the deed executed by the vendor and placed or left in the hands of a third person, was deposited in escrow or the depository was the mere agent of the seller. The character of the deposit can not affect the rights of the parties to specific performance. (p. 599).

2. VENDOR AND PURCHASER—*Time Prescribed for Performance Generally not of Essence.*

    Time for compliance is generally not of the essence of a contract for the sale and purchase of land. A reasonable time is generally implied. If the parties would make time of the essence, they should so stipulate in the contract. (p. 599).

3. SAME—*Time as of the Essence May be Waived.*

    And even when such contract does make time of the essence, it may be waived by indulgence or subsequent contract of the parties. (p. 600).

4. SPECIFIC PERFORMANCE—*Discretion Controlled by Principles of Equity; Performance of Unobjectionable Contract Generally Decreed.*

    A court of equity has no right to exercise arbitrarily its discretion to withhold or decree specific execution of a con-

87 W. Va.

tract for the sale and purchase of land. Such discretion must be controlled by established doctrines and established principles of equity. Generally where the contract is unobjectionable, it is as much a matter of course for a court of equity to decree specific performance, as for a court of law to give damages for a breach of it. (p. 602).

Appeal from Circuit Court, Ritchie County.

Suit by Grover Collins against Dolly Thomas and others for specific performance. Decree for defendants, and plaintiff appeals.

*Reversed and remanded.*

*Adams & Cooper* and *Van Winkle & Ambler,* for appellant.
*S. O. Prunty* and *M. K. Duty,* for appellees.

MILLER, JUDGE:

The decree below, pronounced October 27, 1919, denied plaintiff specific execution of his contract with the defendant Dolly Thomas for the sale and purchase of three tracts of land in Ritchie County, aggregating about four hundred acres, dismissed his bill and ordered defendants Okey E. Nutter and the First National Bank of Pennsboro to deliver to defendant Thomas the deed in their possession executed by her and purporting to convey to plaintiff the land sued for.

The bill alleges that a few days prior to January 2, 1919, plaintiff and Mrs. Thomas entered into and concluded an oral agreement whereby she sold and agreed to convey to him with covenants of general warranty said three tracts, excepting and reserving during her life time one-half of all gas royalties and one-half of the one-eighth of all oil royalties, in consideration of eight thousand two hundred and sixty dollars ($8,-260.00), one thousand dollars whereof was to be paid in cash upon delivery of a deed, the residue to be paid as follows: five hundred dollars in one year, five hundred dollars in two years, one thousand dollars in three years, one thousand dollars in four years, one thousand dollars in five years, one thousand dollars in six years, one thousand dollars in seven years, and one thousand two hundred and sixty dollars in eight years, with interest at the rate of four percentum, payable semi-annually,

for which plaintiff was to execute to Mrs. Thomas his several notes, with the privilege of anticipating payments thereof at any time before maturity with the accumulated interest at the rate mentioned, the notes to bear even date with the deed.

The answer of Mrs. Thomas admits the making of the verbal contract substantially as alleged in the bill and as set forth in the deed, which it is alleged in the bill and admitted in the answer respondent on January 2, 1919, made, executed and acknowledged before the defendant Okey E. Nutter, notary public, and the scrivener who prepared the deed.

The answer, however, denies the allegation of the bill that said deed on the date of its execution was delivered into the hands of said Nutter as cashier of said bank, to be held in escrow and to be by said bank delivered to plaintiff when he should deposit to her credit in said bank the cash payment and the notes for the deferred payments called for in the deed; on the contrary the answer alleges defendant intended to retain said deed in her possession until the cash payment should be made and the notes executed and delivered, but that said Nutter thought it would be safer in his custody or that of the bank, by whom it could be delivered immediately upon receipt of the cash payment, which the answer alleges was to have been made or deposited on January 2, 1919, the date of the deed, the definite time fixed therefor, which provision of the contract was not complied with.

In the written opinion of the learned judge of the circuit court, and also in the briefs and oral arguments of counsel on the hearing here, much consideration was given to the character of the holding of the deed by Nutter or the bank, whether such holding strictly speaking was in escrow or merely as the representative of the vendor, and also whether the time of making the cash payment was of the essence of the contract, as defendant contends.

As we view the case, the character of the holding of the deed by Nutter or the bank is of little consequence. The contract being admitted substantially as alleged, unless the time of the cash payment was made a condition of obligation on the part of the seller to make and deliver the deed, the plaintiff's com-

pliance with the contract respecting the cash payment in a reasonable time ordinarily would entitle him to specific execution of the contract. Numerous decisions of this court unite in holding that in the sale of land time is not generally of the essence, and that where the contract is otherwise enforceable, it is a matter of course to enforce it. *Ballard* v. *Ballard,* 25 W. Va. 470; *W. Va. Oil & Land Co.* v. *Vinal,* 14 W. Va. 637; *Gas Co.* v. *Elder,* 54 W. Va. 335; *Cosby* v. *Honaker,* 57 W. Va. 512; *Clark* v. *Gordon,* 35 W. Va. 735.

In the case now under consideration it is not pretended that by any specific terms of the oral contract or any provision of the deed executed by defendant, evidencing the contract, time is made of the essence of the contract or condition of the sale. The most that can be said or that is contended on behalf of Mrs. Thomas is that the first payment was to be made in cash; but when? Inferentially contemporaneously with the delivery of the deed. The deed prepared by Nutter and signed and acknowledged by the grantor late on the night of January 2, 1919, was taken away by Nutter that night, as all agree, without the acknowledgment being written up and signed by him as notary. He had sickness in his family and could not complete the deed that night. He took it to the bank, of which he was cashier, where plaintiff's notes for the deferred payments were also left on deposit for Mrs. Thomas. Nutter says his understanding was that the down payment was to be in cash; but he does not say, and no one proves that the terms of the contract were that unless the down payment was made in cash on the night of the execution of the deed, it was not to be delivered. While Mrs. Thomas says it was to be understood that plaintiff was to follow Nutter to the bank that night and make the cash payment, nobody else so understood it. Certainly Nutter did not, for he went to his family, and the deed for want of his certificate of acknowledgment was not ready for delivery, and so far as the record shows, the deed in its completed form never was tendered to plaintiff and the cash payment demanded. Both Nutter and Mrs. Thomas admit that if plaintiff on the next day, or at any time up to January 7, 1919, had made the cash payment in full, Nutter or the bank would have been

authorized to deliver the deed.  Moreover, the record shows that after January 2nd, knowing the cash payment had not been made, Mrs. Thomas notified a tenant on the land that she had sold it to plaintiff; and to another who wanted to buy a tree, she said he would have to see plaintiff, as she had sold the land to him; and before January 7th, she joined with plaintiff in a writing selling some timber to a third party, the proceeds from which she accepted as late as January 10th, on the down payment on the land.  Conceding, therefore, that the contract did make time of payment of the essence, which may be waived, did not the conduct of Mrs. Thomas and her indulgence of plaintiff amount to a waiver of the supposed condition of the contract?  This court has decided that when by the terms of a contract time is made of the essence thereof, it may be waived. *Gas Co.* v. *Elder, supra.*

Certainly acceptance of the deposit January 10, 1919, of $625.00, the proceeds of the sale of the timber, on account of the cash payment, constituted a waiver of any supposed condition of the sale occurring at an earlier date; but Mrs. Thomas contends that she then made a new condition, that the balance of the cash payment, $375.00, would be paid down instantly.  If she could have done this, she is not supported as to any new agreement.  Plaintiff denies it, and says on the contrary that Mrs. Thomas said to him he need not be in a hurry.  Nutter says he understood he was authorized to deliver the deed afterwards upon payment of the balance, $375.00, which it is admitted would have had to be in a reasonable time.  This balance was actually tendered to the bank on January 25th, but was declined on the ground that Mrs. Thomas in the meantime had notified the bank not to deliver the deed, giving as her reason the failure of the plaintiff to pay said balance at the time of the deposit of the $625.00.  The bank refused to accept the balance and deliver the deed, and it likewise refused to surrender the deed to Mrs. Thomas.  We do not think she is sustained by any evidence of an agreement to make the payment of the balance immediately a new condition of completing the contract.  After January 10th she went to the bank to inquire if the balance had been paid.  The cashier says he would have felt

warranted in delivering the deed up until the time Mrs. Thomas notified him not to do so, the exact time not appearing, but before January 25th, when the balance was deposited in the bank to Mrs. Thomas's credit. The case of *Gas Co.* v. *Elder, supra,* third point of the syllabus, holds that though a contract for the sale of land makes payment on a day certain of its essence, yet the grantor may waive compliance with it, or after failure to pay on the day continued recognition by him of the contract as still binding is a waiver of strict compliance.

Had the court below upon the facts pleaded and proven in the case discretion to withhold specific performance? Our case of *Cosby* v. *Honaker, supra,* holds that specific performance by a court of equity will not be denied when the vendor has not by proper steps made time of the essence of the contract and has through the period of delay expressed a willingness to receive the balance and complete the contract. In *Ballard* v. *Ballard, supra,* it is held that when delay in such case as this is merely the failure to pay the purchase money at the time specified in the contract, equity will not for that cause alone refuse specific performance to the vendee for the plain reason that it admits of adequate compensation ascertained by law in the form of interest. The discretion which courts of equity may exercise in such cases is not an arbitrary one, but one which must be controlled by established doctrines and settled principles of equity. As we held in *W. Va. Oil & Land Co.* v. *Vinal, supra:* "Generally when a contract respecting real estate is in its nature and circumstances unobjectionable, it is as much a matter of course for courts of equity to decree specific performance of it, as it is for courts of law to give damages for a breach of it."

In the case presented we see nothing in the character of the contract or in the subsequent dealings between the parties justifying a court of equity in withholding specific execution. The parties are related by blood; the terms of the contract were fully understood; it was entered into deliberately, and nothing is urged against its execution except the delay of twenty-three days in completing the cash payments, the largest part of it being paid within ten days, and the plaintiff gave the excuse that defendant told him he need not be in a hurry.

Our conclusion is to reverse the decree and remand the cause, with direction to the circuit court to specifically execute the contract of sale, upon the principles stated herein and further according to the rules and principles governing courts of equity.

*Reversed and remanded.*