WESTERN AMERICAN CORPORATION, A CORPORATION, APPELLANT *v.* AMERICAN UNIVERSAL INSURANCE COMPANY, RESPONDENT.

No. 4237

February 23, 1960                    349 P.2d 615

(Petition for rehearing denied March 4, 1960.)

*Stewart, Horton and Free,* of Reno, for Appellant.

*Vargas, Dillon & Bartlett,* and *Alex. A. Garroway,* of Reno, for Respondent.

## OPINION

By the Court, McNAMEE, C. J.:

Respondent is an insurance company authorized to write insurance in Nevada. Its general agent for the Western States is Benson Company of Utah. Appellant as subagent for Benson Company sold policies of respondent through appellant's own subagents. We are concerned here with two such policies of respondent which were written by subagents of appellant. The premiums thereon had been paid by each insured. Thereafter respondent cancelled said policies and the return premium in each case was paid to the insured by appellant's subagents.

The practice had been for the subagents of appellant, when a policy was sold, to give credit on their books for the premium to appellant's account. Appellant in turn credited Benson's account, and Benson thereafter credited respondent's account. In each case the commission was deducted. On a refund of premium the reverse took place. Monthly statements passed between these parties in which all items were adjusted, and sometimes

checks accompanied the statements to satisfy the accounts.

After the cancellation of the said two policies, the credit balance in favor of appellant on the books of Benson was some several thousand dollars which included the said two premium refunds.

Approximately six months after appellant had received credit on Benson's books for said refunds and each insured had received in full the refund from appellant's subagents, appellant obtained from each insured a written assignment of any claim the insured had against respondent for the return premium, and two separate suits were commenced in the court below by appellant based on the two assignments. The trial court entered judgment for respondent in each case on the ground that no claim existed which could be assigned.[1]

The two appeals from said judgments have been consolidated for argument and decision.

It would appear that appellant, although paying to its subagents the unearned premiums amounting to $6,539.44 (or giving them credit therefor) which amount was in turn paid to the insureds received no reimbursement for this amount other than the credit on the books of Benson. Appellant now contends that since Benson has not settled its account with appellant, appellant should be able to recover this sum from Benson's principal, to wit, from respondent.

However, as stated above, suit was not based on that theory. The actions below were based solely on the two assignments alleged in the complaints and the trial was limited to the issues raised by such allegations. Respondent maintains that since the insureds had received settlement in full of their claims for refund of the unearned premiums, they had nothing to assign to appellant. This is of course correct. The insureds could not have sued respondent, because their claims had been satisfied in full. They could not then confer on appellant, their assignee, any greater right than that possessed by them.

[1]The trial court gave two other reasons for its conclusion which are unnecessary to be considered on appeal.

Gate-Way, Inc. v. Hillgren, D.C., 82 F.Supp. 546; Tillett v. Rodgers, D.C., 85 F.Supp. 356. Appellant therefore acquired no cause of action against respondent by reason of the said assignments.

Both actions affirmed with costs to respondent.

BADT, and PIKE, JJ., concur.