363 S.E.2d 523

**Ronald MALONE**

v.

**Genevieve Yonkers SCHAFFER and Ronald Nave and Shirley Nave.**

No. 17249.

Supreme Court of Appeals of
West Virginia.

Dec. 3, 1987.

Daniel C. Staggers, Keyser, for Malone.

Genevieve Yonkers Schaffer, Flintstone, for Schaffer.

Charles Smith, Keyser, for Naves.

PER CURIAM:

This is an appeal by Ronald Malone from an order of the Circuit Court of Mineral County denying him specific performance of a real estate contract. On appeal he claims that the trial court erred in finding that he did not tender payment for the property within a reasonable time. He also claims that the court erred in not ordering Genevieve Yonkers Schaffer, the vendor under the contract, to convey the property to him. After reviewing the record, this

Court agrees and reverses the decision of the Circuit Court of Mineral County.

On July 10, 1984, the appellant, Ronald Malone, and Genevieve Yonkers Schaffer entered into a written contract whereby the appellant agreed to purchase and Ms. Schaffer agreed to sell certain parcels of real estate located in Mineral County for $4,000. The contract itself did not specify when the transaction was to be completed. However, on the day when the contract was executed the parties both signed a "receipt for down payment" which indicated that the appellant had paid Ms. Schaffer $3,200 and which also provided "balance of Eight Hundred Dollars ($800) is to be paid by August 30, 1984, at which time a deed shall be delivered to the above-named [Ronald Malone]."

For some time prior to the execution of the contract Ronald Nave and Shirley Nave, who lived in proximity to the property covered by the contract, had been interested in purchasing it. When they observed the appellant cutting timber on the property, they contacted Ms. Schaffer. Ms. Schaffer informed them that she had not sold the property but that she had agreed to sell it to the appellant. She also told them that if the appellant did not pay the $800 residue of the purchase price by August 30, 1984, she would sell the property to them.

According to the appellant, as August 30, 1984, approached, he attempted to contact Ms. Schaffer about closing the transaction. He indicates that he repeatedly telephoned Ms. Schaffer's home and left telephone messages requesting that she call him, but she failed to respond.

After about two weeks of August, 1984, had passed, Ms. Schaffer contacted the Naves to determine whether they desired to purchase the property for $5,000, or $1,000 more than the appellant had agreed to pay. They indicated that they wanted the property for that price, and on September 17, 1984, Ms. Schaffer executed and delivered to them a deed for the property for $5,000. On the same day Ms. Schaffer mailed the appellant a refund check for $3,200. The appellant failed to pick this check up at his post office box, but at approximately this time, or, according to the trial court, on September 18 or 19, 1984, the appellant mailed Ms. Schaffer a letter and enclosed a check for the balance of the purchase price of $800.

After the appellant learned that the property had been transferred to the Naves, he instituted a civil action in the Circuit Court of Mineral County for specific performance of his contract. He also alleged that the Naves had been guilty of tortious interference with his contract.

At the conclusion of the proceedings in the case, the trial court found:

> The court is certain that the defendant Schaffer regretted entering into the contract to sell the lots to the plaintiff, and was not going to do anything to help him close the sale, but, on the other hand, she did nothing to obstruct the sale.

The court then went on to conclude that the appellant had not completely performed his part of the contract within the time limit set forth in the written agreement or within a reasonable time thereafter and that he, therefore, lost all benefit of his contract. The court ordered that Ms. Schaffer refund to the appellant his $3,200 down payment, but denied the appellant specific performance of the contract. It is from that ruling that the appellant now appeals.

■ Parties to a real estate contract in West Virginia are not usually required to perform at the exact time specified in the contract. As stated in syllabus point 2 of *Collins v. Thomas*, 87 W.Va. 597, 105 S.E. 897 (1921):

> Time for compliance is generally not of the essence of a contract for the sale and purchase of land. A reasonable time is generally implied. If the parties would make time of the essence, they should so stipulate in the contract.

■ Special latitude has been granted to purchasers who have made substantial down payments. As indicated in syllabus point 3 of *West Virginia Power & Transmission Co. v. Voight*, 91 W.Va. 581, 114 S.E. 138 (1922):

If, under an executory contract of sale of land, in which time has not been made an essential element, or from which such element originally embodied in it has been eliminated, substantial payments have been made, mere delay in payment of the residue for a reasonable period of time does not preclude specific performance at the instance of the vendee, under the principle of laches. Nor will such delay, together with circumstances working hardship upon the vendor, occasioned by his own conduct induced by misapprehension of his rights under the contract, preclude such relief, either on the ground of laches or discretion in the court to refuse specific performance, under conditions warranting exercise thereof.

In the same case the Court stated: "Delay does not preclude right unless it occasions material detriment." *Id.* 91 W.Va. at 588, 114 S.E. at 141.

Although the Court has failed to state what period constitutes an unreasonable delay, in *Collins v. Thomas, supra,* the Court suggested that, in the absence of special circumstances, a twenty-three-day delay was not unreasonable.

■ In the case presently under consideration the parties did not make time of the essence of the contract or otherwise indicate that perfect performance on a specific date was required. The facts show that at the time the parties entered into the contract the appellant paid 80 percent of the purchase price for the property. Seventeen to nineteen days after the $800 residue of the purchase price was due under the terms of the "receipt" for the $3,200 the appellant tendered to Ms. Schaffer a check for the $800 balance.

The evidence suggests that the appellant attempted to pay Ms. Schaffer the $800 due at the time it was due or very shortly thereafter. According to the appellant, he was frustrated in his attempts to arrange settlement by Ms. Schaffer's failure to respond to his telephone messages. Ms. Schaffer had an interest in not contacting the appellant and not making herself available to him so that he could perform his obligation. Rather clearly she stood to benefit from his nonperformance since the Naves were willing to purchase the property at a higher price.

In light of all the circumstances of this case, the Court believes that the trial court should have granted specific performance. The parties did not specify that time was of the essence of the contract. The appellant paid 80 percent of the purchase price for the property at the time of entering into the contract. The evidence suggests that the appellant attempted to make a timely tender and that Ms. Schaffer did not have an interest in accepting a timely tender. The appellant actually made a tender within less than twenty days after the time specified in the receipt. The twenty days were less than the twenty-seven days found to be reasonable in *Collins v. Thomas, supra.*

■ The fact that Ms. Schaffer has already conveyed the real estate in question raises a problem with specific performance in this case since the Naves now have some claim to the property. The law in this State is clear that one who has some notice of the claim of another to a parcel of real estate cannot be a *bona fide* purchaser of that real estate unless he fully explores that claim and ascertains that it is without merit. The rules relating to this are rather comprehensively set forth in syllabus points 1, 2, 3 and 4 of *Pocahontas Tanning Co. v. St. Lawrence Boom & Mgf. Co.,* 63 W.Va. 685, 60 S.E. 890 (1908):

1. Whatever is sufficient to direct the attention of a purchaser to prior rights and equities of third parties, so as to put him on inquiry into ascertaining their nature, will operate as notice.

2. A party is not entitled to protection as a *bona fide* purchaser, without notice, unless he looks to every part of the title he is purchasing, neglecting no source of information respecting it which common prudence suggests.

3. That which fairly puts a party on inquiry is regarded as sufficient notice, if the means of knowledge are at hand; and a purchaser, having sufficient knowledge to put him on inquiry, or being informed of circumstances which ought

to lead to such inquiry, is deemed to be sufficiently notified to deprive him of the character of an innocent purchaser.

4. If one has knowledge or information of facts sufficient to put a prudent man on inquiry, as to the existence of some right or title in conflict with that which he is about to purchase, he is bound to prosecute the same, and to ascertain the extent of such prior right; and, if he wholly neglects to make inquiry, or, having begun it, fails to prosecute it in reasonable manner, the law will charge him with knowledge of all facts that such inquiry would have afforded.

The facts of the present case indicate that Ms. Schaffer gave the Naves actual notice of the appellant's contract relating to the property in question. She did not attempt to refund the appellant's down payment until the day she prepared the Naves' deed. There is no showing that the Naves attempted to determine whether the appellant intended to abandon his contract or ascertain what the actual facts were relating to that contract. In light of the circumstances, the Court does not believe that the Naves were *bona fide* purchasers of the property without notice of the appellant's claim. Not being *bona fide* purchasers without notice, their claim is subordinate to that of the appellant.

For the reasons stated, the judgment of the Circuit Court of Mineral County is reversed, and this case is remanded with directions that the trial court grant the appellant, upon the prompt payment of the total purchase price to Ms. Schaffer, equitable or other relief sufficient to vest him with ownership of the property covered by his real estate purchase contract of July 10, 1984.

Reversed and remanded with directions.