# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael W. Murphy, as Executor to the
Estate of Willard F. Cottrill, Mark Cottrill,
Alan Cottrill, and Venita Murphy,
Plaintiffs Below, Petitioners**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1313** (Gilmer County 11-C-20)

**Ruth Mitchell and Marlea Cottrill,
Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Michael Murphy, who is the executor of the estate of Willard F. Cottrill, and Mark Cottrill, Alan Cottrill, and Venita Murphy, three children of Willard F. Cottrill, by counsel Staci N. Criswell, appeal the Order of the Circuit Court of Gilmer County granting summary judgment in favor of Respondent Ruth Mitchell. Respondent appears by counsel Daniel R. Grindo.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Willard F. Cottrill died, testate, on October 20, 2010. His last will and testament provided, in part:

> Article V  I hereby give, devise and bequeath my real property of approximately 42 acres to my four children in equal shares based upon the following provisions, and with the further declaration that if any of my children attempt to circumvent these provisions to the detriment of any of the others, then that person shall forfeit any and all claim to this property and said property shall be divided among the remaining children:
>
> 1) I direct that if my children are unable to reach a unanimous decision on an equitable division, usage, divestiture, or any other matter regarding said real property, then a majority decision shall be appropriate.
>
> 2) I direct that a residence on the said property be provided to my companion, Ruth Mitchell, for as long as she chooses to so reside, with this provision

1

becoming void should she at any time choose or need to live elsewhere. Said residency shall not preclude divestiture of the property by my heirs, and is not intended to establish a life tenancy.

3) I direct that the parcel being just under two acres and recorded at Book 400 page 447 in the Gilmer [C]ounty [C]ourthouse, be retained as a Cottrill family site to be used alternately by any of my descendants in a matter (sic) upon which they can agree. This site shall not be occupied for more than two consecutive weeks without the consent of all other owners thereof.

4) For so long as they are owned by my heirs, I direct that income from the rental units on my property be used for taxes and upkeep of the remainder of the property, including the unit occupied by Ruth Mitchell and the parcel referenced in the above provision noted as paragraph 3 herein.

On June 17, 2011, petitioners filed a Complaint to Quiet Title in the Circuit Court of Gilmer County.[1] They asserted that respondent, the companion named in the will, had no interest in the decedent's property, and requested that the court order respondent to "vacate the premises."[2] Respondent filed an answer and counterclaim. The circuit court granted summary judgment in favor of respondent, recognizing respondent's right to reside on the subject property. Petitioners filed a motion to alter or amend judgment, which the circuit court denied.

Petitioners' appeal of the order granting summary judgment followed. This Court has long held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Pursuant to this standard, we review petitioners' single assignment of error: that the trial court's grant of summary judgment in favor of respondent is contrary to the terms of Mr. Cottrill's last will and testament.

We begin by observing that the circuit court determined, as petitioners asked it to do, that respondent did not hold a life estate or tenancy in the subject property.

A life estate is a possessory estate of freehold in the real estate in which a vested remainder exists, and while the life estate continues the right to possession of the realty is in the life tenant. Present enjoyment is the very essence of a life estate. The tenant of an estate for life in real estate has the right to the full enjoyment and use of the land and of its profits during the continuance of the life estate.

---

[1]Mr. Cottrill's will was admitted to probate on November 5, 2010. The record before us contains no evidence of any challenge to the will, and there is no evidence that the petitioners did not receive proper notice of the admission to probate. The circuit court noted at the pretrial hearing that respondent had continued to live in the disputed residence after the death of Mr. Cottrill—presumably through the six-month period during which a party might challenge a will in probate—and still lived in that residence at the time of the pretrial hearing.

[2]There is scant evidence that there were multiple residences on the property that was the subject of Mr. Cottrill's will.

2

*Kanawha Banking & Trust Co. v. Alderson*, 129 W.Va. 510, 517, 40 S.E.2d 881, 885. (Citations omitted.) Indeed, the testator had disavowed the creation of a life tenancy, and the circuit court accordingly determined that only petitioners have a vested interest in the property. But the court went on, as it was required to do, to ascertain the meaning of Mr. Cottrill's direction that "a residence . . . be provided to [respondent] for as long as she chooses to so reside . . . ."[3]

The relief that petitioners sought beyond clear title—that is, ejectment—is wholly inconsistent with the decedent's directive that respondent be provided a residence. Inasmuch as the circuit court was called upon to construe Mr. Cottrill's will in this action to quiet title, it appropriately followed the tenet established by this Court: "The cardinal principle in constructing a will is to ascertain the intent of the testator as expressed in the words of the will and codicils, giving consideration to all the surrounding circumstances." Syl. Pt. 1, *Claymore v. Wallace*, 146 W.Va. 379, 120 S.E.2d 241 (1961). We find that the will is in harmony with the circuit court's conclusion that "the interests in this property have vested with the heirs, and said heirs may sell the property but must do so contingent upon [respondent's] right to reside in the residence she shared with Mr. Willard F. Cottrill prior to his death."[4]

For the foregoing reasons, we affirm.

Affirmed.

---

[3]Such an arrangement is not unprecedented. *See Holleran v. Cole*, 200 W.Va. 49, 53, 488 S.E.2d 49, 53 (1997) (Pursuant to real estate sales agreement appellee was permitted to "reside in . . . apartment for the remainder of her 'natural life' or until she 'should vacate' the premises.")

[4]Noting the clarity of Mr. Cottrill's will, the circuit court declined to consider parol evidence relevant to this issue, and petitioners have not asserted that it was error for the court to do so. We note that petitioners briefly argue that respondent may be entitled to a residence on the subject property, but not the particular residence that she shared with the decedent. The record before us lacks meaningful information about the nature of other available residences on the subject property. We further note that the circuit court briefly questioned petitioners' counsel about this argument at the pretrial hearing, and counsel conceded that, if considered, the circumstances of respondent's living arrangements could support the circuit court's construction of the will:

The court: Well, isn't it reasonable . . . under the facts and circumstances to conclude it would be the house that she lived in and that she is still living in?

[Counsel]: Probably, Your Honor, but I believe that could have been drafted into the provisional will.

3

**ISSUED:**  October 18, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin